IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN HUTCHINGS and
TRACY HUTCHINGS,
Plaintiffs,

v.

FRANCES R. KNIGHT,
CITY OF ALTON, and
JUANITA D. COCHRAN,
Defendants.

Case No. 19–CV–00907–JPG

## MEMORANDUM & ORDER

### I. INTRODUCTION

Before the Court is Plaintiffs John and Tracy Hutchings' Motion to Remand, filed
September 23, 2019. (Pls.' Mot. to Remand, ECF No. 21). Defendants Juanita D. Cochran and
Frances R. Knight filed responses. (Def. Cochran's Resp. to Pl.'s Mot. to Remand, ECF No. 28;
Def. Knight's Resp. to Pl's Mot. to Remand, ECF No. 29). Because the Court has supplemental
jurisdiction over Plaintiffs' state-law causes of action by virtue of the Monell claim against
Defendant City of Alton, Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs are **GRANTED**
leave to respond to Defendants' motions to dismiss until **January 8, 2020**.

### II. PROCEDURAL & FACTUAL HISTORY

According to the Complaint, Plaintiffs allege that they have been subjected to harassment
by their neighbors, Defendants Cochran and Knight. (Compl. 1–2, ECF No. 1–1). Specifically,
they allege that Defendants Cochran and Knight have made over 300 calls to the police against
them (none resulting in a citation), "watch into the windows of Plaintiff's [sic] home with
binoculars," "accuse Plaintiffs of criminal conduct to their neighbors," and "accuse Plaintiffs of
not being the parents of their children." (Id. at 2). Plaintiffs also allege that Defendant City of

Alton, in the guise of "armed code enforcement officers," have sought to enter their home without a warrant "to 'inspect' the inside of it" pursuant to an "official policy." (Id.).

On July 31, 2019, Plaintiffs filed suit in Illinois' Third Judicial Circuit Court in Madison County, Illinois. (Id. at 3). Count 1 of the Complaint seemingly contains several state-law claims against Defendants Knight and Cochran. (Id. at 1). Count 2 is a claim for injunctive relief against Defendant City of Alton pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. (Id. at 2).

On August 20, Defendant City of Alton filed a timely Notice of Removal to this Court. (Notice of Removal 1, ECF No. 1). Each defendant filed separate motions to dismiss. (Def. Cochran's Mot. to Dismiss, ECF No. 17; Def. City of Alton's Mot. to Dismiss, ECF No. 18; Def. Knight's Mot. to Dismiss, ECF No. 22). Plaintiffs did not respond to any of the motions and instead filed a Motion to Remand on September 23. (Pl.'s Mot. to Remand, ECF No. 21).

### III.     PLAINTIFFS' MOTION TO REMAND

Federal district courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have supplemental jurisdiction over state-law claims where they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Accordingly, judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

Plaintiffs contend that remand is appropriate for two reasons. First, they argue that this Court lacks subject matter jurisdiction. The Court disagrees. This case was properly removed to

this Court based on federal question jurisdiction: The Complaint seeks injunctive relief against Defendant City of Alton under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. <u>See generally</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978) (holding that cities may be sued directly under § 1983 for injunctive relief). The federal and state-law claims also share a common nucleus of operative facts: The code enforcement officers' demand to inspect Plaintiffs' home is presumably tied to the barrage of complaints allegedly made against them. Since Plaintiffs' claims are such that they "would ordinarily be expected to try them all in one judicial proceeding," <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966), this Court has supplemental jurisdiction over the state-law claims against Defendants Cochran and Knight.

Plaintiffs also argue that the Notice of Removal was defective because it was not signed by each of the parties, even though it explicitly states that it was consented to. Notwithstanding this "defect," Plaintiffs ignore the fact that their own motion is defective: It was submitted beyond the 30-day deadline set forth in 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). "Even if the 'defect in the removal process could have justified a remand . . . because 30 days passed without protest—and the problem does not imperil subject-matter jurisdiction—the case is in federal court to stay.' " <u>Pettitt v. Boeing Co.</u>, 606 F.3d 340, 343 (7th Cir. 2010) (<u>quoting</u> <u>Doe v. GTE Corp.</u>, 347 F.3d 655, 657 (7th Cir. 2003)).

## IV. CONCLUSION

Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs are **GRANTED** leave to respond to Defendants' motions to dismiss until **January 8, 2020**.

**IT IS SO ORDERED.**

**Dated: Thursday, December 19, 2019**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**