IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN HUTCHINGS and
TRACEY HUTCHINGS,
Plaintiffs,

v.

FRANCES R. KNIGHT,
CITY OF ALTON, and
JUANITA D. COCHRAN,
Defendants.

Case No. 19–CV–00907

## **MEMORANDUM & ORDER**

**I.   INTRODUCTION**

This action arises out of a neighborhood dispute. Before the Court are Motions to Dismiss submitted by Defendants Juanita D. Cochran, (ECF No 17), Frances R. Knight, (ECF No. 22), and City of Alton, (ECF Nos. 18–19). Plaintiffs John and Tracey Hutchings responded. (ECF No. 37). Because the Complaint is wholly inadequate, the Court **GRANTS** Defendants' Motions, **DISMISSES** the Complaint **WITHOUT PREJUDICE**, and **GRANTS** Plaintiffs leave to amend the Complaint until March 9, 2020.

**II.   PROCEDURAL & FACTUAL HISTORY**

According to the Complaint, Plaintiffs allege that they have been subjected to harassment by their neighbors, Defendants Cochran and Knight. (Compl. 1–2, ECF No. 1–1). Specifically, they allege that Defendants Cochran and Knight have made over 300 calls to the police against them (none resulting in a citation), "watch into the windows of Plaintiff's [sic] home with binoculars," "accuse Plaintiffs of criminal conduct to their neighbors," and "accuse Plaintiffs of not being the parents of their children." (Id. at 2). Plaintiffs also allege that Defendant City of Alton, in the guise of "armed code enforcement officers," seek to enter their home without a

warrant "to inspect the number of their natural children who are living" there pursuant to an "official policy." (Id.).

On July 31, 2019, Plaintiffs filed suit in Illinois' Third Judicial Circuit Court in Madison County, Illinois. (Id. at 3). Count 1 of the Complaint seemingly contains several state-law claims against Defendants Cochran and Knight. (Id. at 1). Count 2 is a claim for injunctive relief against Defendant City of Alton pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. (Id. at 2).

On August 20, Defendant City of Alton filed a timely Notice of Removal to this Court. (Notice of Removal 1, ECF No. 1). Each Defendant moved to dismiss the Complaint for failure to state a claim. (Def. Cochran's Mot. to Dismiss, ECF No. 17; Def. City of Alton's Mot. to Dismiss, ECF Nos. 18–19; Def. Knight's Mot. to Dismiss, ECF No. 22). Plaintiffs responded. (Pls.' Resp. to Defs.' Mots. to Dismiss, ECF No. 37).

### III. JURISDICTION

Federal district courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have supplemental jurisdiction over state-law claims where they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Accordingly, judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

This case was properly removed to this Court based on federal question jurisdiction: The Complaint seeks injunctive relief against Defendant City of Alton under 42 U.S.C. § 1983 and the

Fourth and Fourteenth Amendments. Since Plaintiffs' claims are such that they "would ordinarily be expected to try them all in one judicial proceeding," this Court has supplemental jurisdiction over the state-law claims against Defendants Cochran and Knight. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

## IV.  LAW & ANALYSIS

The facts alleged in the Complaint are too generalized to survive Defendants' Motions to Dismiss. Count 1 does not specifically state a cause of action, and Defendant Cochran and Knight are left guessing about what the claims are against them. Similarly, Count 2 fails to identify the "official policy" that the City's code enforcement officers are purportedly acting under. These barebones allegations are insufficient to provide Defendants with sufficient notice of the claims against them, and dismissal without prejudice is appropriate.

### A. Legal Standard

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (quoting Dura Pharm. Inc. v. Broudo, 544 U.S. 336, 341 (2005)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570); see FED. R. CIV. P. 12(b)(6).  In other words, a complaint must allege enough

facts to move beyond the level of speculation to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The sheer possibility of a claim or an "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. Iqbal, 556 U.S. at 678.

### B. Intentional Infliction of Emotional Distress

Plaintiffs allege that Defendants Cochran and Knight committed the tort of intentional infliction of emotional distress ("IIED") by making 300 calls to the police, surveilling their home with binoculars, and spreading false rumors to other neighbors. As a result, Plaintiffs contends that they were forced to list their home for sale and "suffered mental anguish, which has expressed itself in physical manifestations."

In Illinois, IIED has three elements:

> First, the conduct involved must be truly extreme and outrageous. Second, the actor must either *intend* that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress.

McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988) (emphasis in original). "To state an action for intentional infliction of emotional distress, the complaint must be 'specific, and detailed beyond what is normally considered permissible in pleading a tort action.' " Welsh v. Commonwealth Edison Co., 713 N.E.2d 679, 684 (Ill. App. Ct. 1999).

For conduct to rise to the level of extreme and outrageous, "it must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." Kolegas v. Heftel Broad. Corp., 607 N.E.2d 201, 211 (Ill. 1992) (citing RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (AM. LAW INST. 1965)). "The law intervenes only where the distress inflicted

is so severe that no reasonable man could be expected to endure it." McGrath, 533 N.E.2d at 809 (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. j).

In Schiller v. Mitchell, 828 N.E.2d 323, 326 (Ill. App. Ct. 2005), the plaintiffs alleged that their neighbors "made 'hundreds' of telephone calls to the police, complaining about activities in the subdivision, most of them centering on plaintiffs." Their neighbors also installed a video camera to the side of their house in order surveille the plaintiffs and their property, including the inside of their garage. Id. Moreover, the plaintiffs alleged that their neighbors would stand on their property line and stare at the plaintiffs in an all-hours personal surveillance. Id. The court held "that making reports to the police and other officials" does not constitute "extreme and outrageous conduct." Id. at 335. And "[a]lthough their surveillance and their complaints to the police . . . would have been irksome," the court "conclude[d] that these actions did not rise to the level of extreme and outrageous conduct required to sustain the tort of intentional infliction of emotional distress." Id. at 337; see also Knysak v. Shelter Life Ins. Co., 652 N.E.3d 360, 370 (Ill. App. Ct. 1995) ("A person will not be liable where he has done nothing more than demand legal rights in a permissible way, although aware that such demand is likely to cause emotional distress."). "Even considering the cumulative effect of defendants' conduct," the plaintiffs' IIED claim was properly dismissed. Schiller, 828 N.E.2d at 337.

The facts in this case are analogous to Schiller, and Plaintiffs do not point to a single Illinois case to suggest otherwise. Like in Schiller, Plaintiffs allege that Defendants Cochran and Knight made hundreds of calls to police and subjected Plaintiffs to constant surveillance. The Complaint does not state the content of the police calls, although they presumably related to the accusations of criminal conduct and rumors regarding the legitimacy of Plaintiffs' children. Plaintiffs contend that dismissal is inappropriate because there are issues of fact, but this confuses the Court's

posture. At the motion to dismiss stage, the Court must construe all the allegations in the Complaint as true and determine whether Plaintiffs alleged sufficient facts to state all the elements of the asserted cause of action. And based on the facts alleged in Count 1 of the Complaint, Plaintiffs do not meet the "extreme and outrageous" requirement to state an IIED claim.

Accordingly, the Court **GRANTS** Defendants Cochran and Knight's Motions to Dismiss, **DISMISSES** Count 1 **WITHOUT PREJUDICE**, and **GRANTS** Plaintiffs leave to file an amended complaint.

### C. Other Potential State-Law Claims

Defendants Cochran and Knight's Motions to Dismiss center around Plaintiffs' IIED claim. But the Court notes that the Complaint contains a flurry of legal buzzwords that suggest *other* potential claims. This is evidenced by Plaintiffs' response to Defendants Cochran and Knight's Motions to Dismiss, where they allege a claim for intrusion upon seclusion. As written, Count 1 of the Complaint does not provide Defendants Cochran and Knight with adequate notice of what the claims are against them. In amending the Complaint, Plaintiffs must enumerate the claims against Defendants Cochran and Knight with greater specificity.

### D. Monell Claim

Article III of the United States Constitution restricts the role of federal courts to redressing or preventing actual or imminently threatened injury. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 559–60 (1992). Accordingly, a plaintiff seeking injunctive relief must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Id.

Count 2 of the Complaint arises under 42 U.S.C. § 1983, a constitutional-tort provision that creates a federal right of action against persons acting under color of state law. Section 1983, however, does not create or establish any federally protected right. Instead, it creates a cause of action to enforce federal rights created elsewhere, such as the United States Constitution. Here, Plaintiffs link their § 1983 claim to the Fourth and Fourteenth Amendments.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The "basic purpose of this Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." Camara v. Mun. Court, 387 U.S. 523, 528 (1967). And it is well established that official intrusion into a private home generally qualifies as a search and requires a warrant supported by probable cause. See Smith v. Maryland, 442 U.S. 735, 740 (1979).

In enacting § 1983, Congress intended to include local governments among the "persons" it rendered liable, and they can be sued directly for injunctive relief "where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Put another way, a municipality is subject to liability under § 1983 *only* when the violation of the plaintiff's federally protected right can be attributable to the enforcement of a municipal policy, custom, or practice. See id.

Plaintiffs allege that Defendant City of Alton, in the guise of armed code enforcement officers, seek to enter their home without a warrant "to inspect the number of their natural children who are living" there. Plaintiffs contend that this type of inspection constitutes an unlawful search within the meaning of the Fourth Amendment. The Complaint, however, does little more than assert that the officers were acting pursuant to an "official policy." This "[t]hreadbare recital[] of

the elements of a cause of action" is insufficient to state a claim. Iqbal, 556 U.S. at 678. Plaintiffs must at least plead the existence of a *specific* policy, custom, or practice that causes a constitutional injury. See Katz-Crank v. Haskett, 843 F.3d 641, 647 (7th Cir. 2016) (holding that a plaintiff's failure to identify a municipal policy or custom "dooms the [Monell] claims").

With that said, the Court disagrees with Defendant City of Alton's contention that Plaintiffs lack standing. The Complaint maintains that the armed code enforcement officers intend on returning to Plaintiffs' home and entering it without a warrant. If true, this search is sufficiently imminent to establish Article III standing. It also threatens concrete harm by purportedly violating Plaintiffs' Fourth Amendment right to privacy; and it is redressable by means of injunction.

Accordingly, the Court **GRANTS** Defendant City of Alton's Motion to Dismiss, **DISMISSES** Count 2 **WITHOUT PREJUDICE**, and **GRANTS** Plaintiffs leave to amend the Complaint.

V.     **CONCLUSION**

The Court **GRANTS** Defendants Cochran, Knight, and City of Alton's Motions to Dismiss, **DISMISSES** the Complaint **WITHOUT PREJUDICE**, and **GRANTS** Plaintiffs leave to amend the Complaint until March 9, 2020.

**IT IS SO ORDERED.**

**Dated: Thursday, February 6, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
