IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN HUTCHINGS and
TRACEY HUTCHINGS,
Plaintiffs,

v.

FRANCES R. KNIGHT,
CITY OF ALTON, and
JUANITA D. COCHRAN,
Defendants.

Case No. 19–CV–00907–JPG

**MEMORANDUM & ORDER**

**I.   INTRODUCTION**

This is a closed civil case. Before the Court is Plaintiffs John and Tracey Hutchings' Motion to Vacate. Defendants Frances R. Knight, Juanita D. Cochran, and City of Alton each responded. For the reasons below, the Court **DENIES** Plaintiffs' Motion.

**II.   PROCEDURAL & FACTUAL HISTORY**

The Court dismissed this case for lack of prosecution because Plaintiffs repeatedly disregarded deadlines. Three examples are of especial note. First, Plaintiffs moved to remand rather than responding to Defendants' September 2019 motions to dismiss. Plaintiffs still had not responded to Defendants' motions by the time the Court denied remand in December, yet the Court gave Plaintiffs a three-week extension anyway. When Plaintiffs missed that deadline, they offered the excuse that "said date was apparently mis-calendared by counsel." The Court tolerated the error.

Then, the Court had to hold a hearing when Plaintiffs ignored a discovery request. Defendants served Plaintiffs with a discovery request in November. Plaintiffs did not respond within the 30-day deadline set forth by the Federal Rules of Civil Procedure and the Court's Local

Rules. Defendants sent Plaintiffs a meet-and-confer letter in January, which Plaintiffs also did not respond to. Forced to intervene and hold a hearing, the Court had to call Plaintiffs when they failed to appear. Their excuse for being late was that they had to escort a "crazy person" out of the office. And their excuse for not responding to Defendants' discovery request and meet-and-confer letter was mere forgetfulness. The Court again tolerated the error.

Finally, the Court dismissed this case with prejudice when Plaintiffs failed to file an amended complaint. In early February, the Court dismissed the Complaint on its merits and granted Plaintiffs leave to file an amended complaint by March 9. When the deadline passed, Defendants moved for dismissal. Another month passed without a response, so the Court granted their motions and entered Judgment.

Now, Plaintiffs contend that they accidentally put the wrong date in their calendar—instead of *March* 9, their calendar showed that the deadline to file an amended complaint was *April* 9. And because of that "calendaring error," they also thought that Administrative Order 261 extended their time to file an amended complaint into *May*.[1] They contend that this was a good-faith mistake. On that basis, they ask the Court to tolerate the error, vacate the Judgment, and permit them to file an amended complaint. Alternatively, they ask the Court to amend the Judgment to dismiss this case *without* prejudice. When Defendants objected, the Court ordered Plaintiffs "to reply to Defendants' response and set forth a legal basis why the Court should vacate the Judgment due to attorney negligence." Plaintiffs never replied.

---

[1] On March 15, Chief Judge Nancy Rosenstengel issued Administrative Order 261 in response to the COVID-19 pandemic and extended all un-blown deadlines by 30 days. She amended Administrative Order 261 on April 1 and extended un-blown deadlines by another 30 days.

### III.  LAW & ANALYSIS

Federal Rule of Civil Procedure 60(b) authorizes district courts to set aside a judgment if it stemmed from "mistake, inadvertence, surprise, or excusable neglect." But "counsel's negligence, whether gross or otherwise, is never a ground for Rule 60(b) relief." <u>Dickerson v. Bd. of Educ.</u>, 32 F.3d 1114, 1118 (7th Cir. 1994). "If the lawyer's neglect protected the client from ill consequences, neglect would become all too common." <u>Tolliver v. Northrop Corp.</u>, 786 F.2d 316, 319 (7th Cir. 1986). "Such delicts require stern measures to deter . . . ." <u>United States v. 7108 W. Grand Ave.</u>, 15 F.3d 632, 634 (7th Cir. 1994).

A second calendaring error does not warrant setting aside the Judgment under Rule 60(b). As discussed, this is not the first deadline that Plaintiffs have missed. The Court has also been more than generous already by granting extensions, considering tardy filings, and excusing delays. The March 9 deadline was mentioned twice in the February Memorandum & Order, and it was also italicized on the docket sheet. What's more, each Defendant moved for dismissal when the March 9 deadline passed, and each referenced it in their briefs. This too was not enough for Plaintiffs to realize that they blew it. Finally, the March 19 Administrative Order is not a get-out-of-jail-free card—it only extended *un-blown* deadlines. The Court will no longer tolerate Plaintiffs' errors, and the Judgment will remain undisturbed.

### IV.  CONCLUSION

Plaintiffs John and Tracey Hutchings' Motion to Vacate is **DENIED**.

**IT IS SO ORDERED.**

**Dated: Monday, May 4, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
